CARROLL, Judge.
The appellee Melbourne Airways and Air College, Inc. filed an action against the appellant National Insurance Underwriters on an insurance policy to recover for the loss of an aircraft. On trial of the cause a verdict was directed in favor of the plaintiff, for the agreed value of the aircraft. The defendant has appealed, contending the trial court committed error in directing a verdict for the plaintiff and in denying defendant’s motion for a directed verdict, and assigning as error certain rulings on evidence.
In our view the case presented issues for jury determination as to the ownership of the aircraft, as to whether there was theft thereof, or conversion or embezzlement of the aircraft by a person in lawful possession, and as to whether the aircraft was lost or disappeared within the geographical limits fixed in the policy.
The complaint alleged insurance of the aircraft by the defendant and attached a copy of the policy; that plaintiff chartered the aircraft to one William Johnson, to be piloted by plaintiff’s employed pilot, Robert Thompson; and that the aircraft “became lost while in flight under conditions or circumstances unknown and unreported.” By an amended answer defendant denied that it insured the aircraft in question, which it averred was not owned by plaintiff but by Westchester Airport, Inc. And defendant contended for nonliability by claiming applicability of exclusionary provisions of the policy referred to below.
The policy covered loss of the aircraft by theft, and “while in flight including disappearance of the aircraft, provided the aircraft is unreported for sixty (60) days after takeoff.” The policy excluded “loss due to conversion, embezzlement or secretion by any person in lawful possession of the aircraft,” and fixed certain geographical limitations, namely, within the United States, Canada or a designated part of Mexico. Such geographical limits were extended by an endorsement to include “occasional trips to the Bahama Islands.”
It was disclosed at trial that the aircraft (chartered for a trip to Nassau and return) left the mainland of Florida, presumably for Nassau, carrying the pilot Thompson and Robert Swanner and Frank Fiorini, two passengers supplied by the charterer Johnson. The pilot was instructed to advise plaintiff in event of change or departure from the flight plan. The plane landed and cleared customs at Andros Island in the Bahamas. Instead of proceeding therefrom to Nassau, it was flown to Norman’s Cay, an island in the Bahamas approximately 48 miles southeast of Nassau. Before the plane reached Norman’s Cay, Johnson arrived there on a boat with two other men. *261 The plane landed at Norman s Cay, was refueled and then took off with the pilot Thompson and Swanner aboard, heading in a southerly direction, and was not heard from thereafter. The resident of Norman’s Cay who serviced the plane testified that before taking off “they” informed him they were going “down the Exumas” (Bahama islands to the south). Fiorini left the flight at Norman’s Cay, and with Johnson left by boat the following day, announcing they were going to Staniel Cay, an island to the south of Norman’s Cay. There was no direct evidence of hijacking, or of duress exercised on the pilot, and there was testimony that none such occurred.
By directing a verdict for the plaintiff the trial judge necessarily concluded it was established beyond issue or dispute that the aircraft was not stolen, or converted or embezzled by any person then in lawful possession, and that the loss or disappearance of the plane did not take place beyond the geographical area of the Bahamas. In so holding, the able trial judge was in error. Determination of those issues depended in large measure on the inferences to be drawn from the facts. As varying inferences could reasonably flow from the facts in evidence it was for the jury to decide them, and thus to determine the ultimate facts on those issues upon which liability under the policy was hinged. See Firemans Fund Ins. Co. of San Francisco, Cal. v. Boyd, Fla.1950, 45 So.2d 499. Also, there was an unresolved issue as to ownership of the aircraft. It follows that the trial court was correct in denying the defendant’s motion for directed verdict, but was in error in directing a verdict for the plaintiff. Appellant’s points relating to certain rulings on admissibility of the evidence were considered and found to be without merit.
For the reasons stated the judgment is reversed and the cause is remanded for new trial.
Reversed and remanded.